DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Defendant, Joseph A. Weese, appeals pro se from the denial of his post-sentencing motion to withdraw his no contest plea (97CA2742-M) and from the denial of his petition for postconviction relief pursuant to R.C. 2953.21 (97CA2760-M). We have consolidated the two cases on appeal, and we affirm the decisions of the Medina County Court of Common Pleas in both cases.
In April of 1995, Defendant sold thirty unit doses of L.S.D. to a Medina County Drug Task Force undercover officer. That August, the grand jury indicted Defendant on one count of aggravated trafficking in drugs in violation of former R.C. Section 2925.03(A)(7). This was a felony of the first degree because the amount of L.S.D was three times the bulk amount. Defendant was arrested and entered a plea of "not guilty" at his arraignment in September of 1995. On May 17, 1996, Defendant changed his plea to "no contest." After personally addressing Defendant and verifying that he understood his Crim.R. 11 and constitutional rights, the trial court accepted the no contest plea and found Defendant guilty as charged. The sentencing hearing was held on August 12, 1996, at which time the trial court imposed a prison sentence of five to twenty-five years, and waived the mandatory $7,500 fine due to Defendant's indigency.
After he was in prison, Defendant learned about Senate Bill 2. Under the new laws, which were effective July 1, 1996, Defendant's crime would have been a fourth degree felony pursuant to 2925.03(C)(5)(c), with a much shorter period of incarceration.
In May of 1997, Defendant filed a motion for resentencing under the statutes enacted by Senate Bill 2. Following the denial of that motion, Defendant filed a petition on July 10, 1997, to withdraw his guilty plea pursuant to Crim.R. 32.1. After that petition was denied, Defendant filed a R.C. 2953.21 petition to vacate and set aside sentence on August 4, 1997. This was also denied. Defendant has appealed the denial of the latter two petitions, raising the following assignments of error:
 ASSIGNMENT OF ERROR I
The Trial Court Committed Reversible Error And Abused Its Discretion By Summarily Dismissing Appellant's Claims Presented In His Post-Sentence Motion To Withdraw His No-Contest Plea Pursuant To Ohio Criminal Rule 32.1 When It Failed To Conduct An Evidentiary Hearing And/Or A Resentencing Hearing As Required By Criminal Rule 32.1.
 ASSIGNMENT OF ERROR II
The Trial Court Erred In Refusing To Recognize Appellant's Right To Be Sentenced In Accordance With The Law In Effect On The Day He Was Actually Sentenced; And B, Failed To Resentence The Appellant In Accordance With Said Law Even After Appellant Brought The Sentencing Error To The Trial Court's Attention Via His Post-Sentence Motion To WithDraw His No-Contest Plea.
The complaint underlying all of the issues raised by Defendant is that he "was never informed that he was eligible for sentencing under the newly enacted sentencing statutes of Senate Bills 2 and 269, as prescribed by O.R.C. § 1.58(B)." Defendant contends that Senate Bill 2 should be applicable to him because he was sentenced after the effective date of the statute, even though his crime was committed more than a year prior to the effective date of Senate Bill 2. He argues that: (1) a manifest injustice exists because his sentence was not imposed consistent with applicable law; (2) he was denied effective assistance of counsel because his attorney did not inform him that he should have received the shorter sentence under Senate Bill 2 because of R.C.1.58(B); (3) his plea was not made knowingly, intelligently, and voluntarily due to the lack of competent advice from his attorney on this issue; and, (4) because of his lack of knowledge concerning Senate Bill 2, he was incompetent in knowing the circumstances in pleading and did not understand the nature of the constitutional protections being waived.
Defendant's arguments fail for several reasons. This Court has consistently held that the new sentencing provisions of Senate Bill 2 are not applicable to crimes committed prior to July 1, 1996, regardless of the date of sentencing. See, e.g., State v.Shelley (Feb. 18, 1998), Medina App. No. 2676-M, unreported;State v. Lawrence (Oct. 29, 1997), Summit App. No. 18298, unreported; State v. McGee (July 2, 1997), Lorain App. No. 96CA006507, unreported. Since the proper sentence was imposed upon Defendant, there was no manifest injustice, ineffective assistance of counsel, or lack of knowledge concerning the applicable law.
However, we need not address the substantive issues raised by Defendant because we find that his motions and petitions were untimely. Defendant did not appeal his original conviction, even though all of the laws, facts, and issues that he now contests were in existence and were appealable at that time. Defendant has attempted to circumvent the App.R. 4 time limit for an appeal by attaching various other "labels" to his successive postconviction motions and petitions. A petition to withdraw a guilty plea or a motion to vacate judgment may not be used as a substitute for an appeal.
Defendant's motions, filed after the time for direct appeal and seeking vacation of his sentence on the basis of alleged violations of his constitutional rights, all must be construed as successive petitions for postconviction relief as defined in Section 2953.21 of the Ohio Revised Code. See State v. Reynolds
(1997), 79 Ohio St.3d 158, syllabus; State v. Shie (July 23, 1997), Wayne App. No. 96CA0073, unreported, at 3. This Court has stated that a defendant may not circumvent statutory requirements for postconviction filings by captioning the request as something else. State v. Dubois (Nov. 12, 1997), Wayne App. No. 97CA0019, unreported, at 3.
Pursuant to Section 2953.21 the Ohio Revised Code, Defendant's petitions were not timely filed. Previously, this statute allowed a petition for postconviction relief "at any time" after conviction. The current version of Section 2953.21(A)(2) of the Ohio Revised Code, effective September 21, 1995, states:
 A petition under division (A)(1) of this section shall be filed no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication * * *. If no appeal is taken, the petition shall be filed no later than one hundred eighty days after the expiration of the time for filing the appeal.
Defendant, who was sentenced on August 12, 1996, did not file a direct appeal. Neither did he file his petitions for postconviction relief within one hundred eighty days after the expiration of the time for filing his appeal, which was March 10, 1997.
If a petition is not timely, a trial court has no jurisdiction to hear it unless the defendant satisfies Section2953.23(A) of the Ohio Revised Code. Pursuant to that section, a defendant must: (1) show either that he was unavoidably prevented from discovering facts upon which he must rely to present his claim for relief, or that the United States Supreme Court has recognized a new federal or state right that applies retroactively to persons in the defendant's situation, and the defendant asserts a claim based on that right; and, (2) show by clear and convincing evidence that, but for constitutional error at trial, no reasonable fact finder would have found him guilty of the offense of which he was convicted (or, if his claim challenges a sentence of death, that, but for constitutional error at the sentencing hearing, no reasonable fact finder would have found him eligible for the death sentence). See State v. Kasubienski (Nov. 12, 1997), Lorain App. No. 97CA006684, unreported, at 5.
Defendant failed to even address this test, much less satisfy it. He has not (1) shown either that he was unavoidably prevented from discovery of the facts upon which he must rely to present his claim for relief, or that the United States Supreme Court has recognized a new federal or state right that applies retroactively to him, upon which he may assert a claim for relief; and (2) shown by clear and convincing evidence that, but for constitutional error at trial, no reasonable fact finder would have found him guilty of the offense of which he was convicted.
The trial court had no jurisdiction to entertain Defendant's petitions for post-conviction relief, which were filed several months beyond the statutory time limit. Moreover, even if his postconviction petitions had been timely, they would have been barred by the doctrine of res judicata. See, e.g., State v.Wozniak (May 6, 1998), Lorain App. No. 97CA006716, unreported. Both of the assignments of error pertaining to Defendant's appeals are overruled. The judgment of the trial court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this court, directing the County of Medina Common Pleas Court to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to appellant.
 Exceptions. _________________________________ LYNN C. SLABY, FOR THE COURT
BAIRD, J.
DICKINSON, J., CONCUR